IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 19, 2002

## STATE OF TENNESSEE v. DONALD KING, JR.

**Appeal from the Circuit Court for Blount County**
**No. C-12150, 51, 12568, 12868, 12935-37     D. Kelly Thomas, Sr., Judge**

---

**No. E2001-00836-CCA-R3-CD**
**April 16, 2002**

---

The Defendant, Donald King, Jr., pled guilty to three drug offenses (one Class C felony, one Class D felony, and one Class A misdemeanor), two habitual motor vehicle offender offenses, driving under the influence, and felony reckless endangerment. The plea agreement included an effective five year sentence, with the manner of service to be determined by the trial court. After a hearing, the trial court denied an alternative sentence and ordered the Defendant to serve his sentence in the Department of Correction. The Defendant now appeals, contending that the trial court erred in denying him an alternative sentence. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and ROBERT W. WEDEMEYER, J., joined.

Julie A. Rice, Knoxville, Tennessee, for the Appellant, Donald King, Jr.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; Mike Flynn, District Attorney General; and William R. Reed, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

At the sentencing hearing the Defendant testified that he suffers from several physical and mental impairments. He is forty-one years old, married and a high school graduate. He is 100% disabled and receives disability payments from Social Security. He suffers from alcohol abuse and drug addictions, yet is taking two narcotics under a physician's advice for pain management. He has been in several rehabilitation programs, but continues to have problems with drugs and alcohol. At the time of the sentencing hearing, the Defendant had been attending Narcotics Anonymous and Alcoholics Anonymous for several weeks. On the day he pled guilty, he ingested cocaine, and had also consumed alcohol after pleading guilty but before his sentencing hearing.

The presence report reveals an extensive criminal history of more than twenty convictions, albeit involving relatively minor crimes. The presentence report also indicates that, after his interview for the report, the Defendant drove away in spite of his revoked license. The Defendant denied that he drove away from the interview.

In sentencing the Defendant, the trial court ruled as follows:

> I've reviewed the presentence report, I've listened to the testimony, looked at all the court files. Mr. King does need treatment, but I don't think he's appropriate for treatment in this community. The reason I say that is because he has been involved in many, many treatment programs. And during the course of that time, has managed to be convicted of DUI three times and assault three -- four times. And is here in court today with a charge of reckless endangerment with .22 shots hitting a neighboring house.
>
> I think Mr. King is a dangerous offender. He continues to use illegal drugs. He used cocaine the day he was up here to plead guilty and he continues to drink alcohol. There's nothing in the record to make me think that he would succeed on probation at all. I'm going to recommend that he be housed at the Special Needs. He's going to need medical treatment as well as substance abuse treatment. But I don't think that any of that can be provided in the community and us count on him not being dangerous to himself or to some other person.

The Defendant now asks this Court to overturn the trial court's decision and sentence him to an alternative sentence involving split confinement and intensive probation.

When an accused challenges the length, range, or manner of service of a sentence, this Court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. See Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

When conducting a de novo review of a sentence, this Court must consider: (a) the evidence, if any, received at the trial and sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement made by the defendant regarding sentencing; and (g) the potential or lack of potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210; State v. Brewer, 875 S.W.2d 298, 302 (Tenn. Crim. App. 1993); State v. Thomas, 755 S.W.2d 838, 844 (Tenn. Crim. App. 1988).

If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. See State v. Pike, 978 S.W.2d 904, 926-27 (Tenn. 1998); State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

A defendant who "is an especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6); State v. Lane, 3 S.W.3d 456, 462 (Tenn. 1999). Guidance regarding what constitutes "evidence to the contrary" which would rebut the presumption of alternative sentencing can be found in Tennessee Code Annotated § 40-35-103(1), which sets forth the following considerations:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

See State v. Hooper, 29 S.W.3d 1, 5 (Tenn. 2000); State v. Ashby, 823 S.W.2d 166, 170 (Tenn. 1991).

Additionally, the principles of sentencing reflect that the sentence should be no greater than that deserved for the offense committed and should be the least severe measure necessary to achieve the purposes for which the sentence is imposed. See Tenn. Code Ann. § 40-35-103(2), (4). The court should also consider the potential for rehabilitation or treatment of the defendant in determining the appropriate sentence. See id. § 40-35-103(5).

The record in this case supports the trial court's denial of an alternative sentence. In spite of repeated attempts at drug rehabilitation, and repeated convictions for drug offenses, the Defendant continues to use illegal drugs. In spite of repeated convictions for driving under the influence, and repeated convictions for driving with a revoked license and reckless driving, the Defendant continues to drive. The Defendant has proven himself to be unable and/or unwilling to conform his behavior to the law, in spite of numerous convictions, including, in addition to those already mentioned, assault and vandalism. The record contains sufficient "evidence to the contrary" to rebut the presumption that the Defendant is entitled to an alternative sentence. Accordingly, this issue is without merit and we therefore affirm the judgment of the trial court.

 

 

_____

DAVID H. WELLES, JUDGE
